55,433-04

MR. LAWRENCE BLUE #1757499
JAMES ALLRED UNIT
2101 FM 369 NORTH
IOWA PARK, TEXAS 76367

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 28 2015
Abel Acosta, Clerk

ABEL ACOSTA, CLERK
COURT OF CRIMINAL APPEALS
P. O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

RE: APPLICANT OBJECTION of THE STATE'S ORINGINAL ANSWER

DEAR CLERK, ACOSTA,

ENCLOSED PLEASE THE APPLICANT OBJECTION TO THE STATE'S ORINGINAL ANSWER, CAUSE NO. 11-02471-CRF-272-A IN HABEAS CORPUS, NEED TO BE FILED WITH YOUR COURT AND NUMBER CAUSE of ACTION.

PLEASE FILE THIS INSTRUMENT WITH THE COURT AND NOTIFY THE APPLICANT of THE DATE of SAID FILING.

THANK YOU FOR YOUR KIND ASSISTANCE IN THIS MATTER. BY COPY OF THIS LETTER, A COPY of THIS INSTRUMENT HAS BEEN FORWARD TO ASSIST. DA. DOUG HOWELL III.

SINCERELY,
LAWRENCE BLUE
LAWRENCE BLUE

CAUSE No. 11-02471-CRF-272-A

EX PARTE      §      IN THE 272 Nd DISTRICT COURT

            §

LAWRENCE BLUE      §      of BRAZOS COUNTY, TEXAS

## APPLICANT'S OBJECTION TO THE STATE'S ORINGINAL ANSWER

APPLICANT LAWRENCE BLUE, FILES THIS REPLY TO THE STATE'S ORINGINAL ANSWER TO HIS HABEAS CORPUS 11.07.

### 1.

APPLICANT HAS ALLEGED NO FACT SUPPORTED BY THE RECORD WHICH ENTITLES HIM TO RELIEF.

APPLICANT HAS THE BURDEN TO PROVE THOSE FACTS, IN EX PARTE MALDANADO, 688 S.W.2d 114, 116 (TEX. CRIM. APP. 1985), THE BURDEN OF PROOF IS ON APPLICANT TO PROVE BY A PREPONDERANCE OF THE EVIDENCE HE OR SHE IS ENTITLE TO RELIEF, ALSO SEE! EX PARTE ADAMS, 768 S.W.2d 281, 287-88 (TEX. CRIM. APP. 1989).

SEE! APPLICANT'S EXHIBITS ATTACHED, 1-5. THE PREPONDERANCE of THE EVIDENCE IS [E]VIDENCE WHICH IS MORE CONVINCING THAN THE EVIDENCE OFFERED IN OPPOSITION TO IT. SEE! GREEWISH TOLL, V. DIR, OWCP, 990 F.2d 730, 736 (3RD. CIR. 1993).

### 2.

APPLICANT'S GROUNDS FOR RELIEF HAVE NO BASIS IN THE RECORD AND ARE COMPLETELY WITHOUT MERIT.

APPLICANT HAS EXPLAIN IN HIS WRIT of HEAB HABEAS CORPUS, THAT IS HIS BRIEF IN SUPPORT of WRIT ON PAGE 1-2, THAT A

1.

WRIT OF HABEAS CORPUS IS AVAILABLE ONLY FOR RELIEF FROM JURISDICTIONAL DEFECTS, AND VIOLATIONS OF CONSTITUTIONAL OR FUNDAMENTAL RIGHTS, EX PARTE MCCAIN, 67 S.W. 3d 204, 207 (TEX. CRIM. APP. 2002); ALSO SEE: EX PARTE DRAKE, 883 S.W. 201, 213, 218 (TEX. CRIM. APP. 1994), AFFIRMING THAT POST CONVICTION WRITS OF HABEAS CORPUS ARE RESERVED FOR CASES WHERE THERE IS A DENIAL OF CONSTITUTIONAL OR FUNDAMENTAL RIGHTS OR A PROBLEM WITH TRIAL COURT JURISDICTION. ALSO SEE: EX PARTE ORMSBY, 746 SW2d 762, 763 (TEX. CRIM. APP. 1998), HOLD STATE 11.07 APPLIES TO PEOPLE WHO ARE RESTRAINED IN THEIR LIBERTY.

## 3.

THERE ARE NO PREVIOUSLY UNRESOLVED, CONTROVERTED ISSUES OF FACT MATERIAL TO THE LEGALITY OF APPLICANT'S CONFINEMENT.

APPLICANT'S MATERIAL FACTS AND ARGUMENT THAT'S SUPPORTED BY CLEARLY ESTABLISHED LAW, T.C.C.P. ART. 1.23; ART. 45.019; USCA 14; TEXAS COURT OF APPEAL, TEXAS COURT OF CRIMINAL APPEAL, THE UNITED STATES SUPREME COURT AND THE FIFTH CIR. PRECEDENT.

SEE: EX PARTE CARMONA, 185 S.W. 3d 492, 497 (TEX. CRIM. APP. 2006), CITING JIMENEZ V. STATE, 32 SW3d 233, 234 (TEX. CRIM. APP. 2000), DUE PROCESS OF LAW ENSURES THAT A CITIZEN RECEIVE WHATEVER THE CONSTITUTION AND STATE LAW PROVIDE; THE LAW OF THE LAND PROVIDES.

SEE: PARKER V. STATE, 795 S.W. 2d 934, 937 (TEX. APP. HOUSTON 1ST. DIST. 1988); STATED WE WILL ALWAYS HAVE AN ATTENTIVE EAR, AND WHEN [O]UR T.C.C.P. HAS BEEN OVER LOOKED, DISREGARDED AND HARMFUL AND HURTFUL TO THE PERSON ON TRIAL WE WILL SET ASIDE VERDICT HE HAS THE RIGHT TO BE TRIED IN THE FORM OF LAW SET OUT.

APPLICANT'S CLAIM THAT THE AFFIDAVIT SUPPORTING THE SEARCH WARRANT WAS NOT IN PROPER FORM, HAS BEEN FORFEITED WHERE HE DID NOT RAISE THE ISSUE ON APPEAL. EX PARTE KIRBY, 492 S.W.2d 579 (TEX. CRIM. APP. 1973).

THE AFFIDAVIT FOR ARREST WARRANT AND DETENTION IN EXHIBIT 2-5, GOES TO THE VERY BASIS TO THE CASE, THE AFFIDAVIT FOR ARREST WARRANT AND DETENTION FAILED TO COMPLY WITH ART. 1.23, SEE! EX PARTE COOPER, 589 S.W.2d 130, 131 (TEX. CRIM. APP. 1979) RELIEF GRANTED, HELD THIS STATUTORY REQUIREMENT AND CONSTITUTIONAL REQUIREMENT IS A MATTER OF SUBSTANCE RATHER THAN FORM.

THE COMPLETE OMISSION OF (ART. 1.23) OF THE REQUIRED CONSTITUTIONAL AND STATUTORY WORDING IS CONTROLLED BY LONG STANDING PRECEDENT. SEE: BARRON V. STATE, 760 S.W.2d 763, 764 (TEX. APP. BEAUMONT 1988), THERE'S 100 YEARS OF TEXAS PRECEDENT OF DISCOURAGING CARELESSNESS IN THE DRAFTING OF CHARGING INSTRUMENTS.

SEE: STATE V. FRYE, 846 S.W.2d 443, 448 (TEX. APP. HOUSTON 14TH DIST. 1992), THE FILING OF A CRIMINAL COMPLAINT CONSTITUTE THE INITIATION OF A CRIMINAL JUDICIAL PROCEEDING IN TEXAS.

THE INSTANT COMPLAINT DOES NOT MEET THE STATE OF TEXAS STATUTORY AND CONSTITUTIONAL REQUIREMENT. SEE: T.C.C.P. ART. 45.019 (a), (2), (a)(7), IN REGARDS TO AFFIDAVIT FILED WITH AND IN THE MUNICIPAL COURT(S) WITH JUSTICE OF THE PEACE. SEE: COOPER, 131, SUPRA. SEE: ART. 45.019, COMPLAINTS FILED IN AND WITH JUSTICE'S OF THE PEACE IN MUNICIPAL COURTS.

SEE: EXHIBIT S, THIS DOCUMENT WAS FILED WITH SAID COURT AND SAME EXHIBIT S, WAS COMPLETE OMISSION OF ART. 1.23 IN COOPER, 131, SUPRA.

SEE: G. HOLSON V. STATE, 667 S.W.2d 168,177 (TEX. APP. HOUSTON 14TH DIST. 1988) PET. REF'd) SAME AS, EX PARTE ELDRIDE, 572 S.W.2d 716 (TEX. CRIM. APP. 1978), SAME; THE TEXAS COURTS AND SUPREME COURT HAS HELD, THAT SUCH NULL AND VOID DOCUMENTS AFFECTS TRIAL COURT(S) LEGAL JURISDICTION AND IS WORTHLESS AND WILL NOT SUBSTAIN CONVICTION, SEE: WILLIAMS V. STATE, 107 S.W.2d 996 (TEX. CRIM. APP. 1937); SHACKLEFORD V. STATE, 519 S.W.2d 180 (TEX. CRIM. APP. 1974); DAVIS V. STATE, 503 S.W.2d 241 (TEX. CRIM. APP. 1974); BRADSHAW V. STATE, 156 S.W.2d 243 (TEX. CRIM. APP. 1974), SEE: STUDER V. STATE, 779 S.W.2d 263, 267 (TEX. CRIM. APP. 1990); AND AGULIAR V. STATE, 846 S.W.2d 318 (TEX. CRIM. APP. 1993) (EN BANC) *SEE: UNITED STUDENT AID FUNDS INC. V. ESPINOSA, 130 S. Ct. 1367-77 (2010), HELD THAT WHEN A DEFENDANT'S DUE PROCESS RIGHT ARE VIOLATED IT'S VOIDS THE JUDGMENT, AND SUCH ERRORS MAY BE RAISED AT ANY TIME, THEREFORE OBJECTION IS NOT NECESSARY Id., HELD THE REQUIREMENT TO SEEK RELIEF FROM VOID JUDGMENT UNDER F.R.C.P. 60 (b.)(4). THE COURT HELD ON THAT A [JUDGMENT IS VOID] BASE ON EITHER A CERTAIN TYPE OF [JURISDICTIONAL DEFECT] OR [A VIOLATION OF DUE PROCESS].

FURTHER MORE ANY DEFECT THAT RENDERS A SENTENCE VOID MAY BE RAISED AT ANY TIME, RICH V. STATE, 194 S.W.3d 198 (TEX. CRIM. APP. 2006), THUS OBJECTION IS NOT NECESSARY. SEE: BLUE V. STATE, 41 S.W.3d 129 (TEX. CRIM. APP. 2000), THE FUNDAMENTAL NATURE OF A DUE PROCESS VIOLATION IS A FUNDAMENTAL ERROR.

4.

APPLICANT'S CLAIM, THAT THE TRIAL JUDGE WAS NOT IMPARTIAL, HAS BEEN FORFEITED WHERE HE DID NOT RAISE THE ISSUE ON APPEAL. EX PARTE BANKS, 769 S.W. 2d 539 (TEX. CRIM. APP. 1985).

THE PRESIDING JUDGE: HON. TRAVIS BRYAN III, IN THE 272 ND DISTRICT COURT HAS BECAME BIAS AND IMPARTIAL JUDGE, SEE: EXHIBITS 1-5 AND REY V. STATE, 897 S.W. 2d 333, 344 (TEX. CRIM. APP. 1995); AND OTHER VIOLATION, INVOLVED IN TUMEY V. OHIO, 47 S. Ct. 437 (1927), WAS A JUDGE WHO WAS NOT IMPARTIAL. THESE ARE STRUCTURAL DEFECTS IN THE CONSTITUTION (4TH, 6TH, 14TH) OF THE TRIAL MECHANISM WHICH DEFY ANALYSIS BY "HARMLESS ERROR" STANDARDS.... JUST AS IT IS BY THE PRESENCE ON THE BENCH OF A JUDGE WHO IS NOT IMPARTIAL. EACH OF THESE CONSTITUTIONAL DEPRIVATIONS IS A SIMILAR STRUCTURE DEFECT AFFECTING THE FRAMEWORK WITHIN WHICH THE TRIAL PROCEEDS, RATHER THAN SIMPLY AN ERROR IN THE TRIAL PROCESS ITSELF. "WITHOUT THESE BASIC PROTECTION, A CRIMINAL TRIAL CANNOT RELIABLE SERVE ITS FUNCTION INNOCENCE, AND NO CRIMINAL PUNISHMENT MAY BE REGARD AS FUNDAMENTALLY FAIR. IN EXHIBITS 1, 4, 5 JUDGE BRYAN LIKEWISE COULD NOT PROSECUTE THE CONTEMPT AND AT THE SAME TIME ACT AS JUDGE, EITHER THIS CONSTITUTES REVERSIBLE ERROR. SEE: 908 F. 2d 1249, 1251 (IN RE DAVIDSON). BUT THE CONTEMPT POWER ALSO UNIQUELY IS "LIABLE TO ABUSE." BLOOM, 88 S. Ct. @ 1482, QUOTING EX PARTE TERRY, 9 S. Ct. 77, 82-83 (1888).

## FURTHERMORE

THE COURT HAS FAILURE TO GIVE NOTICE: POST CONVICTION PETITION FOR WRIT OF HABEAS CORPUS. IN WHICH ARTICLE 11.07 of THE TEXAS CODE of CRIMINAL PROCEDURE ALLOW THE STATE FIFTEEN (15) DAYS IN WHICH IT MAY ANSWER.

AFTER THE FIFTEEN (15) DAYS, THE COURT HAS TWENTY (20) DAYS IN WHICH IT MAY ORDER A HEARING. IF NO ORDER HAS BEEN ENTERED THIRTY-FIVE (35) DAYS FROM THE FILING DATE, THE PETITION WILL BE FORWARDED TO THE COURT of CRIMINAL APPEALS FOR THEIR CONSIDERATION, BUT NONE of THIS WAS GIVING FROM THE COURT, WHICH VIOLATES DUE PROCESS. NOR WHERE AN HEARING WAS GIVEN OR A NOTICE, REVIEW THE 'INDEX' WHICH THE ISSUE/OR FORWARD TO THIS COURT. NOR WAS AN! FINDINGS AND CONCLUSION of LAW, WAS GIVEN OR A NOTICE, WHERE?

## CONCLUSION

FOR THE REASON STATED ABOVE, STATE'S CLAIM SHOULD BE DENIED ENTIRELY. APPLICANT DEMANDS THAT THIS WRIT PROCEED ON.

## CERTIFICATE of SERVICE

I, LAWRENCE BLUE, DO HEREBY CERTIFY THAT ON THE 23 rd DAY of APRIL 2015, I SENT TO THE ASSIST. DEPT DISTRICT ATTORNEY: DOUG HOWELL III, A TRUE AND CORRECT COPY of THE FOREGOING RESPONSE BY U.S. MAIL, AT 300 E. 26 TH STREET, SUITE 310 BRYAN TEXAS 77803.

EXECUTED ON APRIL 23, 2015

LAWRENCE BLUE

CC/LB
CC/ASSIST. DA DOUG HOWELL III
ORIG./HON. ABEL ACOSTA, CLERK, COURT of CRIMINAL APPEAL.